UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ANA ATKINSON,                                             Case No.:

    Plaintiff,
v.

SAM'S EAST, LLC,
a Foreign Profit Corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL OF CAUSE BY DEFENDANT

Defendant, SAM'S EAST, LLC, by and through its undersigned counsel, hereby files this Notice of Removal of Cause pursuant to 28 U.S.C. §1441, *et seq.*, and 28 U.S.C. §1332, to remove to the United States District Court, Southern District of Florida, West Palm Beach Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida (the "State Court"), Case No. 202995PIDKH, and styled Ana Atkinson v. Sam's East, LLC, a Foreign Profit Corporation. *See,* Summons and Plaintiff's Complaint attached hereto as **Exhibit "A."** In support of this Notice of Removal of Cause, Defendant states as follows:

### *Complete Diversity of Citizenship Exists*

1. Plaintiff, Ana Atkinson, at the time of the alleged incident giving rise to this matter, and at all subsequent times material hereto, was and is a Florida citizen. Specifically, Plaintiff's Complaint states that she was a resident of Palm Beach County, Florida at all materials times to her claim. *Please see* Paragraph 2 of Exhibit A. Defendant is aware of no address for Plaintiff in the state of Arkansas, where, as averred below, the Defendant would be deemed a citizen.

2. Defendant Sam's East, LLC is a foreign corporation organized under the laws of the state of Arkansas and which has its principal place of business in the state of Arkansas. Defendant Sam's East, LLC is not organized under the laws of the state of Florida, and does not have its principal place of business in the state of Florida. Therefore, Defendant is not a citizen of the State of Florida.

3. This Notice of Removal of Cause is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, and complete diversity of citizenship exists between the Plaintiff and the Defendant.

### *The Amount in Controversy Requirement is Satisfied*

4. Pursuant to 28 U.S.C. §1332(a), the amount in controversy in this case exceeds the required $75,000.00 jurisdictional threshold.

5. Plaintiff's Complaint against Defendant alleges damages in excess of the State Court's $30,000.00 jurisdictional threshold and asserts a negligence claim on behalf of Plaintiff against Defendant. *Please see* Exhibit A. According to Plaintiff's Complaint, the claim derives from an alleged slip and fall incident that occurred May 19, 2017 at Defendant's store located at 7233 Seacrest Blvd., Lantana, Florida. Specifically, Plaintiff asserts that she was injured as a result of a transitory foreign substance on the floor sustaining bodily injuries and mental anguish that required hospitalization. *Please see* Paragraphs 8, 10 and 11 of Exhibit A.

6. Plaintiff alleges, *inter alia*, that Defendant failed to maintain its premises in a reasonably safe condition, and failed to warn Plaintiff of the alleged condition. *Please see* Paragraph 9 of Exhibit A.

7. According to Plaintiff, "[a]s a direct and proximate result of the aforementioned fall, Plaintiff suffered serious, permanent bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for

the enjoyment of life, incurred expenses of hospitalization, medical, chiropractic and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition, disease or physical defect." *Please see* Paragraph 11 of Exhibit A. All of these losses are claimed to be permanent or continuing into the future.

8.  "As the party seeking removal, Defendant bears the burden of establishing jurisdiction." Houston v. Garrison Prop. & Cas. Ins. Co., No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *2 (M.D. Fla. Nov. 17, 2014); Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Houston, 2014 WL 6469608, at *2 (*citing* Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir.2001)).

9.  As a result of the alleged incident, Plaintiff was allegedly diagnosed with a right upper extremity wrist fusion as well as back pain which ultimately resulted in a right hemi-laminectomy at L4-L5 and L5-S1 with partial facetectomy on February 26, 2019. She also underwent SI joint injections and caudal epidural steroid injections on December 7, 2017, December 21, 2017 and January 4, 2018. As a result of the foregoing, Plaintiff is claiming medical bills in excess of $75,000. Specifically, Plaintiff allegedly incurred the following medical bills:

| | |
|---|---|
| Sherban Spine Institute: | $76,288.94 |
| Sherban Spine Institute: | $2,000.00 |
| Lake Worth Surgical Center: | $69,318.01 |
| Sierra Surgical: | $500.00 |
| Cordero Family Chiropractic: | $385.00 |
| The Open MRI Guys: | $5,550.00 |
| Mote Wellness & Rehab: | $3,040.00 |
| Center for Bone & Joint: | $793.00 |
| Dr. Jane Bistline: | $22,819.00 |
| **Total:** | **$180,693.95** |

10. Furthermore, the Plaintiff also made a pre-suit demand in excess of $75,000. Specifically, Plaintiff demanded $1 million on or about March 20, 2020.

11. With regard to any argument that the jurisdictional amount in controversy is not met because of any subrogation notice, which reflects payments made to the providers for less than the billed amount, Defendant notes that "subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Stramiello v. Petsmart, Inc.,* No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010); *see also Henry v. K-Mart Corp.,* 2010 WL 5113558 (M.D. Fla. Dec. 9, 2010) (agreeing with *Stramiello* that collateral source setoffs are not relevant to calculating jurisdiction amount at time of removal). "That Florida law might require a set-off at final judgment that reduces [Plaintiff's] final recovery to or below $75,000 does not affect the jurisdictional amount in controversy at the outset of litigation." *O'Toole v. Napa Home & Garden, Inc.*, No. 8:11-cv-2724-T-23AEP, 2012 WL 12904228 (M.D. Fla. June 26, 2012).

12. So, although Defendant anticipates arguing that Plaintiff may never recover billed amounts written off under private health insurance contracts, such collateral source set-offs/write-offs are not to be considered for purposes of determining whether the jurisdictional threshold amount is met at time of removal.

### *The Other Prerequisites and Requirements for Removal Have Been Satisfied*

23. Defendant has filed with the Clerk of the State Court a Notice that this Cause has been removed.

24. There has been no waiver by this Defendant of any right to remove this cause to the Federal Court.

25. Filed under a separate Notice of Filing and incorporated herein are copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

26. This Notice of Removal of Cause was timely filed within thirty (30) days from December 12, 2020, the date upon which the Defendant was served with initial process, including the State Court Complaint, in this action. *See,* Service of Process Transmittal, which reflects a date of service on Defendant of December 12, 2020, which confirms service of process as of that date. *See Exhibit A*.

27. The undersigned counsel are attorneys of record for SAM'S EAST, LLC, and have been specifically authorized to act on behalf of the Defendant in seeking removal of this cause to the Federal Court.

**WHEREFORE**, Defendant, SAM'S EAST, LLC, hereby removes this cause from the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, to the United States District Court, Southern District of Florida, West Palm Beach Division, and requests that all further proceedings be conducted in this Federal Court as provided by law.

RESPECTFULLY SUBMITTED this __**17th**__ day of December, 2020.

**LUKS, SANTANIELLO,
PETRILLO, & COHEN**
110 SE 6TH STREET
20TH FLOOR
FORT LAUDERDALE, FL 33301
Telephone: (954) 761-9900
Facsimile: (954) 761-9940

By: */s/ Dorsey Miller*
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
DORSEY C. MILLER, III
Florida Bar No.: 580309
LUKSFLL-Pleadings@LS-Law.com

## CERTIFICATE OF SERVICE

Defendant, WALMART STORES EAST, LP, by and through undersigned counsel, hereby certify that on this **17th day of December, 2020**, a true and correct copy of the foregoing was served via the Court's CM/ECF Electronic Notification System, and/or Electronic Mail to all parties as shown on the attached Service list

                         **LUKS, SANTANIELLO, PETRILLO, & COHEN**
110 SE 6TH STREET
20TH FLOOR
FORT LAUDERDALE, FL 33301
Telephone:  (954) 761-9900
Facsimile:  (954) 761-9940

By: */s/ Dorsey Miller*
    DANIEL J. SANTANIELLO
    Florida Bar No.: 860948
    DORSEY C. MILLER, III
    Florida Bar No.:  580309
    LUKSFLL-Pleadings@LS-Law.com

## SERVICE LIST

CM/ECF Electronic Mail
*The following party(ies) are currently registered to receive electronic notice/service:*

Counsel for Plaintiff:
David Knight, Esq.
Felice & Ehrlich
3 Harvard Circle
West Palm Beach, FL 33409
(561) 444-8822 – Telephone
(561) 514-4946 – Facsimile
Primary Email – david@injurytrialattorneys.com
Secondary Email – susan@injurytrialattorneys.com