

**CASE NUMBER: 50-2020-CA-012972-XXXX-MB**
**CASE STYLE: ATKINSON, ANA V SAMS EAST LLC**

Dockets & Documents ▾

Public = 📄                    VOR = 🔒                    In Process = 🕐

Page Size: 25 ▾

| | Docket Number | Effective Date | Description |
|---|---|---|---|
| 📄 | 2 | 11/24/2020 | CIVIL COVER SHEET |
| 📄 | 3 | 11/24/2020 | COMPLAINT |
| 📄 | 4 | 11/24/2020 | SUMMONS ISSUED |
| 📄 | 5 | 11/24/2020 | REQUEST TO PRODUCE |
| 📄 | 6 | 11/24/2020 | NOTICE OF FILING INTERROGS |
| | 1 | 11/25/2020 | DIVISION ASSIGNMENT |
| 📄 | 7 | 11/25/2020 | PAID $411.00 ON RECEIPT 3823771 |
| 📄 | 8 | 12/15/2020 | ANSWER & AFFIRMATIVE DEFENSES |
| 📄 | 9 | 12/15/2020 | NOTICE OF APPEARANCE CIVIL |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Ana Atkinson</u>
Plaintiff                                                        Case # _____
                                                                Judge _____

vs.

<u>Sams East LLC a foreign profit corporation</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 11/24/2020 08:32:46 AM

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☒ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ David Knight          Fla. Bar # 383562
         Attorney or party            (Bar # if attorney)

David Knight            11/24/2020
 (type or print name)           Date

NOT A CERTIFIED COPY

20-2995-PI-DK-H

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

ANA ATKINSON,

        Plaintiff,

vs.

SAM'S EAST, LLC, a foreign profit
Corporation.

        Defendant

CASE NO.

---

## COMPLAINT

---

**COMES NOW,** Plaintiff, ANA ATKINSON, by and through the undersigned counsel, hereby

sues the Defendant, SAM'S EAST, INC., a Foreign Profit Organization and in support thereof states:

1. This is an action for damages that exceed the minimum jurisdictional amounts of this Court.

2. At all times material hereto, the Plaintiff, ANA ATKINSON, was a resident of Palm Beach

   County, over the age of eighteen (18) and is otherwise *sui juris*.

3. At all times material hereto, the Defendant, SAM'S EAST, INC., was a business entity,

   licensed to conduct business in the State of Florida and was doing business in Palm Beach

   County, Florida.

4. At all times material hereto, the Defendant, SAM'S EAST, INC., by and through their agents,

   servants and/or employees, owned, possessed, operated, managed and/or controlled a store

   located at 7233 Seacrest Blvd., Lantana, Florida 33462,   (hereinafter referred to as "the

Page **1** of **3**

20-2995-PI-DK-H

store").

5. Venue is proper in Palm Beach County, Florida because the acts and omissions referred to herein occurred in Palm Beach County, Florida.

6. On or about, May 19, 2017, Plaintiff, ANA ATKINSON, entered the store as an express and/or implied business invitee of Defendant.

7. At all times material, Defendant owed a duty to exercise reasonable care and diligence to maintain, inspect and repair the store in a reasonably safe condition for the safety of business invitees on the premises

8. At all times material, an unreasonably dangerous condition, in the form of a transitory foreign substance, existed on the premises of Defendant, which was either negligently created by Defendant, or, in the alternative, Defendant negligently allowed it to remain present despite having actual or constructive knowledge of its existence.

9. At all times material, Defendant breached its duties to Plaintiff by failing to maintain its premises in a reasonably safe condition and failing to warn Plaintiff of the unreasonably dangerous condition.

10. As a result of Defendant's negligence, Plaintiff fell.

11. As a direct and proximate result of the aforementioned fall, Plaintiff, suffered serious, permanent bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, chiropractic and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing

20-2995-PI-DK-H

condition, disease or physical defect. Plaintiff shall suffer additional losses in the future.

WHEREFORE, Plaintiff demands judgment for all damages allowable under Florida law against Defendant in an amount in excess of the jurisdictional limits of this Honorable Court, together with Plaintiff's costs and for any and all further relief this Honorable Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**I HEREBY CERTIFY** that a copy of the above and foregoing has been furnished ePortal this 23rd day of November, 2020.

> s/David Knight, Esq.
> David Knight, Esq.
> Felice & Ehrlich
> 3 Harvard Circle
> West Palm Beach, FL  33409
> (561) 444-8822 - Telephone
> (561) 514-4946 - Facsimile
> Primary Email – david@injurytrialattorneys.com
> Secondary Email – susan@injurytrialattorneys.com
> Florida Bar # 383562

NOT A CERTIFIED COPY

Filing # 117173717 E-Filed 11/24/2020 08:32:46 AM

20-2995-PI-DK-H

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

ANA ATKINSON,

                Plaintiff,

vs.

SAM'S EAST, LLC, a foreign profit       CASE NO.
Corporation

                Defendant.

---

## SUMMONS
### (Corporate Entity)

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on
defendant:

**Sam's East, Inc.**
**c/o Registered Agent**
**CT Corporation System**
**1200 South Pine Island Rd**
**Plantation, FL  33324**

DATED on _____Nov 25 2020_____.

                CLERK OF THE CIRCUIT COURT

(SEAL)

As Clerk of the Court

By____*Blake Smith*____ As Deputy Clerk

      BLAKE SMITH

Page **1** of **3**

20-2995-PI-DK-H

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de per-dre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

20-2995-PI-DK-H

Plaintiff's Attorney:
David Knight, Esq.
Felice & Ehrlich
3 Harvard Circle
West Palm Beach, FL 33409
(561) 444-8822 Phone
(561) 514-4946 Fax
Email: david@injurytrialattorneys.com

## AMERICANS WITH DISABILITIES ACT

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusvalida</u> que necesita algun acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se Ie provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; telefono mimero (561) 355-4380, por 10 menos 7 dias antes de la cita fijada para su comparecencia en los tribunales, O inmediatamente despues de recibir esta notificacion si el tiempo antes de la comparecencia que se ha programado es menos de 7 dias; si usted tiene discapacitacion del oido O de la voz, llame al 711."**

**"Si ou se <u>yon moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kek ed. Tanpri kontakte Tammy Anton, koodonate pwogram Lwa pon ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefon li se (561) 355-4380 nan 7 jon anvan dat on gen randevou pou parer nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si Ie on gen pou w pare! nan tribinalla mwens ke 7 jou; si ou gen pwoblem pou w tande oubyen pale, rele 711."**

Filing # 117173717 E-Filed 11/24/2020 08:32:46 AM

20-2995-PI-DK-H

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

ANA ATKINSON,

              Plaintiff,

vs.

SAM'S EAST, LLC, a foreign profit        CASE NO.
Corporation.

           Defendant.

---

**REQUEST TO PRODUCE TO DEFENDANT,** SAM'S EAST, LLC,
a foreign profit Corporation

---

COMES NOW, the Plaintiff, ANA ATKINSON, by and through the undersigned attorney, in

accordance with Florida Rules of Civil Procedure 1.280, 1.310, 1.350 and 1.380, hereby requests the

Defendant, SAM'S EAST, INC., to produce for inspection and/or copying at the offices of Felice &

Ehrlich, 3 Harvard Circle., West Palm Beach, FL, 33409, within thirty (30) days (forty-five [45] days

if served with the original Complaint) of service of this Request, the following documents:

*__Definitions/Instructions__*

I.    DEFINITIONS APPLICABLE TO THIS REQUEST TO PRODUCE:

A.    "You" - means the defendant in the above styled case and any of its employees,

agents, Officers, directors, independent contractors, or any other person or entity

acting or purporting to act on its behalf.

Page **1** of **6**

20-2995-PI-DK-H

B.    "Subject Incident" - means the fall that plaintiff alleges occurred in the underlying complaint

C.    "Date of the Subject incident" - means May 19, 2017

D.    "Employees or agents" - when used in reference to "You" or "Your", means any of your employees, agents, officers, directors, independent contractors, or any other person or entity acting or purporting to act on your behalf.

E.    "Video recording device" or "video recording system" - means any system or device which recorded or was capable of recording video of anywhere on the property where the subject store is located including the exterior grounds of the store (e.g.:  The parking lot) and anywhere inside the subject store in which plaintiff alleges she was injured.

F.    "Name and contact information" - when referring to a person, means the person's full legal name and the persons most recent address known to you, most recent phone number, including work, cell, or fax numbers, the person Social Security number, and driver's license number.

G.    "Name and contact information" - when referring to a business entity, means the business entity's full legal name, most recent address known to you, most recent phone number including facsimile number, and State of incorporation.

H.    "Internal policies and procedures" – means any of your written or verbal, policies, procedures, guidelines, manuals, systems or routines.

20-2995-PI-DK-H

I.      The terms "pertain" and "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts. Those terms are intended broadly but not in any way are they designed to seek information that is wholly or relevant or beyond the scope authorized by the Florida Rules of Civil Procedure.

### _Documents To Be Produced_

1.      All policies covering you as of the date of the Accident for automobile, umbrella, excess, general liability, disability, medical, life or health insurance and the front and back of all declaration sheets, insurance cards, insurance statements or explanation of benefits related to any such insurance.

2.      Any and all leases or other contracts wherein you leased the property where the subject accident outlined in Plaintiff's Complaint occurred.

3.      Any and all correspondence or other documents you or your agents, servants, employees, independent contracts, insurance carriers, and adjusters, have sent to the Plaintiff(s) regarding the subject Accident.

4.      All documents related to all medical and chiropractic care, or care or counseling for any physical or mental condition, for Plaintiff, at any time and for any reason, including but not limited to documents reflecting services rendered by doctors, hospitals, nurses, therapists, independent medical examiners, dentists, chiropractors or any other person performing any healing art whatsoever, and including bills, invoices, receipts, reports, patient instructions and summaries of such care.

5.      **Color laser copies or color duplicates** (not photocopies), of all photographs, videotapes, digital pictures and all other renderings in any medium whatsoever of the Accident scene, injuries to any person, from any internal video recording device on your premises, or subsequent surveillance of the Plaintiff..

6.      All writings, recordings, memorandums, notes, transcripts or other materials reflecting statements related to the subject incident made by any Party to this lawsuit, including, but not limited to, any of the Party's(ies') agents, servants, employees, experts, independent contractors and/or family members.

20-2995-PI-DK-H

7.    All writings, recordings, memoranda, notes, transcripts or other materials reflecting statements related to the subject incident made by any witness(es).

8.    All writings, recordings, memoranda, notes, transcripts or other materials reflecting statements related to the subject incident made by the Plaintiff(s).

9.    Complete copies of any and all contracts, agreements, memoranda, notes, billing statements, service call logs, and any and all other written documents you had with any other person(s) or entity(ies) regarding the maintenance, inspection, supervision and/or repair of the property where Plaintiff fell in effect on the date of the subject accident.

10.   Any and all documents you relied upon in asserting each and every affirmative defense outlined in your Answer to Plaintiff's Complaint.

11.   Either a list containing the names and contact information of all of your agents and employees who were working on the date of the subject incident, or, if you assert that there is no such list already in existence and therefore object of producing such a list, all materials necessary for the determination of the names and contact information of all of your agents and employees were working on the date of the subject incident.

12.   Copies of any materials pertaining to inspections made of the floor in the area where the subject incident including, but not limited to, materials reflecting the name and contact information of persons conducting those inspections, the times those inspections were conducted, and the results of any of those inspections.

13.   Any and all him of your "Internal Policies and Procedures" pertaining to safety of persons present on your premises, fulfilling any common law duties you had to your invitees, the maintenance of your premises in a reasonably safe condition, providing warnings to anyone concerning any unreasonably dangerous condition, actions to be taken following an incident in which a customer more or any other person claims that they were injured while on your premises, actions to be taken concerning any potentially dangerous conditions once they have come to your attention, and the maintenance, repair, inspection and supervision of your premises including, but not limited to, all walking surfaces where Plaintiff was injured in effect on the date of the subject accident outlined in Plaintiff's Complaint.

14.   Any and all documents, including, but not limited, "accident reports", "incident reports" , notes, memoranda, letters, forms, etc… regarding notice you received pertaining to the Plaintiff's alleged fall at the subject property.

15.   Color copies and/or duplicates of any model, plat, map, drawing, motion picture,

Page **4** of **6**

20-2995-PI-DK-H

videotape, or photograph pertaining to any fact or issue involved in this controversy, including, but not limited to, any videotape of the location where Plaintiff fell for the five (5) hours preceding Plaintiff's fall through five (5) hours past Plaintiff's fall.

16. Produce all the specifications for the materials used for floor surfaces for the floors used by customers at your store from all the customer entrances of the store to the site of the Slip and Fall Accident. E.g., if carpeted, the carpet specifications; if tile, the tile specifications.

17. Produce any table of organization of Defendant with regard to the subject store at the time of the subject incident.  (eg:  General manager, Assistant Manager, Grodery Manager, Maintenance manager, etc.)

18. All employee manuals and other materials provided to your employees when they begin their employment with you which were in effect on the date of the subject incident

19. Produce specimens of the forms, checklists and/or used by your agents or employees pertaining to inspections of the floors used by customers at your store.

20. Produce all logs or daily reports or other reports produced in the ordinary course of business which show the cleaning or maintenance of the store floors for the 30 days before, and the 30 days after the accident.

21. Copies of any report and/or complaint made with regard to a condition of the floors and/or walking surfaces in the area where this incident occurred as alleged in the Plaintiff's Complaint for the period of time from 3 years before the subject incident, to date..

22. All video recordings made on the date of the subject incident from any video recording device.  (Note, this request is for all video from all cameras on the date of the subject incident and is not limited in any other way such as by the interior or exterior of the subject store, location within the store, person(s) depicted, or events depicted.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing was on this Defendant contemporaneously with the Complaint.

Page **5** of **6**

20-2995-PI-DK-H

s/David Knight, Esq.
David Knight, Esq.
Felice & Ehrlich
3 Harvard Circle
West Palm Beach, FL  33409
(561) 444-8822 - Telephone
(561) 514-4946 - Facsimile
david@injurytrialattorneys.com
susan@injurytrialattorneys.com
Florida Bar # 383562

20-2995-PI-DK-H

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

ANA ATKINSON,

                Plaintiff,

vs.

SAM'S EAST, LLC, a foreign profit         CASE NO.
Corporation,

                Defendant.

_____

### NOTICE OF SERVICE OF INTERROGATORIES TO
### DEFENDANT, SAM'S EAST, LLC, a foreign profit Corporation

COMES NOW the Plaintiff(s), ANA ATKINSON, by and through the undersigned counsel, hereby

propounds the attached Interrogatories upon the Defendant(s), SAM'S EAST, INC., requesting and requiring that

said Interrogatories be answered in writing, under oath, or objected to, within the time and manner prescribed by

law in accordance with Florida Rule of Civil Procedure 1.340.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing was Served on this Defendant

contemporaneously with the Complaint.

        s/David Knight, Esq.
        David Knight, Esq.
        Felice & Ehrlich
        3 Harvard Circle
        West Palm Beach, FL  33409
        (561) 444-8822 - Telephone
        (561) 514-4946 - Facsimile
        Primary Email – david@injurytrialattorneys.com
        Secondary Email – susan@injurytrialattorneys.com
        Florida Bar # 383562

Case 9:20-cv-82331-RAR   Document 1-1   Entered on FLSD Docket 12/17/2020   Page 18 of 28

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2020-CA-012972 XXXX MB

ANA ATKINSON,

      Plaintiff,

vs.

SAM'S EAST, LLC, A FOREIGN PROFIT
CORPORATION.,

      Defendant.

---

**DEFENDANT'S ANSWER,**
**AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**
**TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant, SAM'S EAST, LLC, by and through undersigned counsel, and

pursuant to Florida Rule of Civil Procedure 1.110, hereby serves Defendant's

Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Original

Complaint, as follows:

**<ins>COMPLAINT</ins>**

1.    Denied.

2.    Unknown, therefore denied.

3.    Admitted to the extent that this Defendant acknowledges that it is a

business entity authorized to conduct business in Florida and did so in Palm

Beach County on the date of the alleged incident. Denied as to any remaining allegations.

4.      Admitted to the extent that this Defendant acknowledges that it owned and had general control of the subject premises on May 19, 2017. Denied as to any remaining allegations.

5.      Admitted, at this time, for purposes of establishing venue only. Denied as to any remaining allegations.

6.      Unknown, therefore denied.

7.      This Defendant admits the allegations contained in Paragraph 7 of the Complaint to the extent that this Defendant acknowledges that it had those duties as prescribed by Florida law.  This paragraph is denied to the extent the allegations allege or imply a duty beyond what is owed under the law and facts of this particular case.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a cause of action as it does not specifically state ultimate facts as to the alleged dangerous condition or knowledge thereof on the part of this Defendant.

2.      The Plaintiff was guilty of negligence, which negligence was the sole and legal cause of the accident described in the Complaint, thereby barring all claims, or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiff's damages according to Plaintiff's degree of fault.  Furthermore, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for Plaintiff's own harm, Plaintiff's claim would be barred by Section 768.36, Florida Statutes.

3.      There were sufficient intervening and superseding causes, including the negligence of other persons, parties or entities, to which this Defendant had no control.  In accordance with Section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages, as the Doctrine of Joint and Several Liability has been abolished.

4.      The subject parties that may be liable are the co-defendants named in this or any prior or subsequent complaint, and this Defendant incorporates by reference the allegations made against them in the Complaint.  Should the

Plaintiff settle with or dismiss any or all of these named co-defendants, then this Defendant would adopt and incorporate these same allegations against them. The subject non-parties that may be liable are unknown at this time.

5.      Plaintiff has received, or is entitled to receive, payments from collateral sources as identified by Section 768.76, Florida Statutes.  To the extent that subrogation rights do not exist or have been waived, the Defendant is entitled to a set-off for any collateral sources paid to or on behalf of the Plaintiff and/or as allowed by Section 768.041, Florida Statutes.

6.      The accident in question and damages alleged were proximately caused by the negligence of other persons and/or entities not subject to this Defendant's control.   In accordance with Section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages under the modification of the Doctrine of Joint and Several Liability.

7.      Plaintiff failed to mitigate or minimize Plaintiff's damages, if any.

8.      The Defendant is entitled to a set-off of all sums or money, settlement, judgment or amounts otherwise received by the Plaintiff from any other party or non-party to this action.

9.      The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident to this.  The accident and

damages complained of by Plaintiff in this Complaint was due to the ordinary risk expressly assumed by the Plaintiff.

10.     Plaintiff failed to take ordinary and reasonable care in conducting herself on the premises.  Plaintiff's failure to use all ordinary care and reasonable care was the direct and proximate cause of Plaintiff's damages.

11.     This Defendant did not create, and had insufficient notice regarding the problems complained of by Plaintiff.  Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to this Defendant so that corrective action could be taken.  Defendant further avails itself of all defenses and burdens required of Plaintiff pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

12.     If discovery reveals that at the time and place of the accident complained of Plaintiff was either a trespasser or an uninvited licensee, then Defendant would not owe Plaintiff the duty or duties alleged in the Complaint. Furthermore, Defendant is entitled to all defenses and immunities provided for in Section 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

13.     Defendant's mode of operation/maintenance was reasonable and adequate at its premises.

14.     At the time and place complained of, person or persons not operating under the control and consent of this Defendant so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against the Defendant.

15.     The Plaintiff's damages were caused by third parties not party to this litigation and this Defendant is entitled to have its liability reduced on a pro rata basis for the negligence of any and all persons not parties to this litigation.

16.     Any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

17.     Plaintiff has not satisfied all conditions precedent to filing this suit against this Defendant and/or the subject action is barred by the Statute of Limitations.

18.     Defendant avails itself of all statutory defenses and burdens of proof required by Florida law, FAC or Federal law, including but not limited to Chapters 324, 768 and 627, Florida Statutes.

19.     Plaintiff has failed to mitigate damages because: the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment

and/or billing was not casually related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance and treated under a Letter of Protection, which is void against public policy, and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and *Marion v. Orlando*, 2009 W.L. 7582985 (Fla. Cir. Ct. 2009). If Plaintiff is a Medicare beneficiary, then Defendant is entitled to a write-down or setoff under the Medicare fee schedule.

20.    Defendant asserts that the Plaintiff's past and future damages are reduced or offset by the amount of any governmental or charitable benefits available and further, that the Defendant is entitled to an offset by any and all payments which have been made or will be made to the Plaintiff as a result of the injuries alleged in the Complaint.

21.    Defendant asserts that it is entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and Goble v. Frohman, 901 So.2d 830 (Fla. 2005).  Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not actually incurred by the Plaintiff.

22.     The collateral source rule is no longer applicable, because the Patient Protection and Affordable Care Act mandates that all persons obtain health insurance.   Therefore, evidence relating to collateral source benefits received in the past and available in the future to Plaintiff's statutory survivors is admissible and such collateral source benefits shall offset and reduce any past or future economic damages awarded.

23.     To the extent that the Plaintiff failed to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff has failed to mitigate her damages and Plaintiff's recovery must be reduced by the amount attributable to such failure.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff should take nothing by this action and Defendant should go hence without day.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this **15th** day of December, 2020.

CASE NO.: 50-2020-CA-012972 XXXX MB
ANSWER WITH AFFIRMATIVE DEFENSES

LUKS, SANTANIELLO,
PETRILLO & COHEN
Attorneys for Defendant
110 SE 6th Street
Fort Lauderdale, FL, 33301
Telephone:(954) 761-9900
Fax: (954) 761-9940


By:___*s/Dorsey Miller*_____
    DORSEY MILLER
    Florida Bar No.: 580309
    LUKSFLL-Pleadings@LS-Law.com

## SERVICE LIST

*Counsel for Plaintiff*
David Knight, Esq.
Felice & Ehrlich
3 Harvard Circle
West Palm Beach, FL 33409
(561) 444-8822 – Telephone
(561) 514-4946 – Facsimile
Primary Email – david@injurytrialattorneys.com
Secondary Email – susan@injurytrialattorneys.com

WAL-33935 /:SMI

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR WEST PALM BEACH, FLORIDA

CASE NO.:  50-2020-CA-012972 XXXX MB

ANA ATKINSON,

      Plaintiff,

vs.

SAM'S EAST, LLC,

      Defendant.

_____/

### NOTICE OF APPEARANCE

    The Law Firm of LUKS, SANTANIELLO, PETRILLO & COHEN, hereby files its Notice of Appearance as Counsel for Defendant, SAM'S EAST, herein and requests service of all pleadings, notices and other papers in this matter.

### CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this **15TH** day of December, 2020.



LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
110 SE 6TH STREET, 20TH FLOOR
FORT LAUDERDALE, FL 33301
Telephone:  (954) 761-9900
Facsimile:  (954) 761-9940

By: */s/ Dorsey Miller*  _____
    DANIEL J. SANTANIELLO
    Florida Bar No.: 860948
    DORSEY MILLER
    Florida Bar No.:  580309
    LUKSFLL-Pleadings@LS-Law.com



NOT A CERTIFIED COPY

Case No.: 50-2020-CA-012972 XXXX MB
Page 2

**SERVICE LIST**

David Knight, Esq.
Felice & Ehrlich
3 Harvard Circle
West Palm Beach, FL  33409
david@injurytrialattorneys.com;         susan@injurytrialattorneys.com;         patricia@injuredinfla.com

NOT A CERTIFIED COPY