UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-82331-RAR

ANA ATKINSON,

    Plaintiff,

v.

SAM'S EAST, LLC,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** comes before the Court upon Defendant Sam's East, LLC's Motion for Summary Judgment [ECF No. 28] ("Motion"), filed on July 9, 2021. Plaintiff failed to file a timely response in opposition to the Motion. On July 27, 2021, the Court entered an Order to Show Cause [ECF No. 30], requiring the Plaintiff to explain why she missed the deadline for responding to the Motion and extending the deadline to file a response until August 2, 2021. Despite this extended opportunity to respond to the Motion, Plaintiff has failed to do so. Accordingly, the Court considers the Motion for Summary Judgment as an unopposed motion.

The Court is not permitted to grant the Motion solely because it is unopposed. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). "[T]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (quoting

Page **1** of **5**

*id.*). Nevertheless, after reviewing the entire record and viewing the evidence in the light most favorable to Plaintiff as the non-movant, it is hereby

**ORDERED AND ADJUDGED** that Defendant Sam's East, LLC's Motion for Summary Judgment [ECF No. 28] is **GRANTED** as set forth herein.

## BACKGROUND

On May 19, 2017, Plaintiff went shopping at Defendant's location in Lantana, Florida. Def.'s Statement of Material Facts in Supp. of Mot. for Final Summ. J. [ECF No. 29] ("DSOF") ¶ 2. While walking to the register to pay, Plaintiff realized there was fluid on the ground and slipped but did not fall. *Id.* ¶ 4. Another unidentified individual had just walked away from the location of Plaintiff's slip before it occurred. *Id.* ¶ 5. After slipping, Plaintiff did not immediately look down, but after a relatively short amount of time she went back to the spot and noticed a "brownish and yellow" liquid substance on the ground. *Id.* ¶ 7. Plaintiff identified the liquid as "some sort of oil substance" because she could see a mark from shopping cart wheels, but believes that mark was from her own shopping cart. *Id.* ¶ 8; Dep. of Ana Atkinson [ECF No. 29-1] ("Pl.'s Dep.") at 145:6-146:14. Plaintiff does not know how long the substance was on the ground or how it got there. DSOF ¶ 9. Plaintiff also testified that she did not notice anything nearby that could have caused the spill and did not witness anyone drop or spill anything before she slipped. *Id.* ¶ 10.

## LEGAL STANDARD

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986). At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252.

If there are any factual issues, summary judgment must be denied, and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981)). Further, when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts[,]" summary judgment "may be inappropriate." *Id.* (alteration added and citation omitted).

A slip and fall claim is one for negligence, which comprises four elements under Florida law: (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) the defendant's breach of that duty, (3) a causal connection between the defendant's breach and the plaintiff's injury, and (4) actual loss or damage resulting from the injury. *Oken ex rel. J.O. v. CBOCS, Inc.*, No. 8:12–cv–782–T–33MAP, 2013 WL 2154848, at *4 (M.D. Fla. May 17, 2013) (citing *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003); *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011)). In a premises liability case such as this, a plaintiff must show that the business had actual or constructive knowledge of a dangerous condition created by a transitory foreign substance that caused the plaintiff to slip and fall. FLA. STAT. § 768.0755(1); *see also generally Publix Supermarkets, Inc. v. Bellaiche*, 245 So. 3d 873, 876 (Fla. 3d DCA 2018). "The term 'transitory foreign substance' generally refers to 'any liquid or solid substance, item, or object located where it does not belong.'" *Reyes v. BJ's Restaurants,*

*Inc.*, 774 F. App'x 514, 518 (11th Cir. 2019) (quoting *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n.1 (Fla. 2001)).

## ANALYSIS

Based on the evidence currently before the Court, Defendant's Motion is due to be granted. For starters, there is no evidence that Defendant had actual notice because nothing in the record indicates that Defendant's "employees or agents kn[e]w of or create[d] the dangerous condition." *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019). Plaintiff admitted that she did not know if any employee of the store was aware of a substance on the floor before she slipped, Pl.'s Dep. at 155:17-156:7, and there is nothing to suggest that any employee or agent caused the substance to be on the floor. Therefore, based on the evidence presently before the Court, no reasonable juror could find that Defendant had actual notice of the dangerous condition.

As to constructive notice, Plaintiff's testimony closely mirrors that in *Lago v. Costco Wholesale Corp.*, where the court found that Defendant did *not* have constructive notice based on Plaintiff's testimony that "she did not see the liquid on the floor before she fell, she didn't know what the liquid was (other than that it was wet), [] she didn't know how long it had been there[,] [and she] saw no one else slip in the same busy entranceway before and after her fall." 233 So. 3d 1248, 1251-52 (Fla. 3d DCA 2017) (Luck, J.). Likewise, Plaintiff's testimony that the substance was a brownish or yellow oil, coupled with her observation of seeing only one cart mark caused by her own cart, is insufficient to create an issue of fact as to Defendant's constructive notice of the condition. *See Berbridge v. Sam's East, Inc.*, 728 F. App'x 929, 930-31 (11th Cir. 2018) (affirming grant of summary judgment to defendant on issue of constructive notice where plaintiff "testified that it was 'medium size' but 'wasn't that big,' wet but not sticky, and 'dark' and 'dirty.' She did not know what caused the substance to be dirty. She saw no cart tracks or footprints in the substance, *besides the mark caused by her shoe when she slipped*.") (emphasis added);

*Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017) (finding that the plaintiff's testimony that "the substance on the floor was 'oily,' 'dirty,' and 'dark,'" was "insufficient to create a jury issue."); *McCarthy v. Broward Coll.*, 164 So. 3d 78, 81 (Fla. 4th DCA 2015) (affirming summary judgment for the business establishment because the plaintiff "was unable to identify the liquid in the elevator, determine how long it had been there, or establish if anyone at Broward College had actual or constructive notice of its presence").

At bottom, the record shows only that the incident occurred, but "[i]mportantly, negligence may not be inferred from the mere happening of an accident alone." *Oken*, 2013 WL 2154848, at *6 (citation and quotation omitted). "The mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable." *Id.* (quoting *Sammon v. Target Corp.*, No. 8:11–cv–1258–T–30–EAJ, 2012 WL 3984728, at *3 (M.D. Fla. Sept. 11, 2012)). On the issue of notice, all Plaintiff "could ask the jury to do is make guesses off hunches. That shot-in-the-dark showing cannot survive summary judgment." *Bleers v. Wal-Mart Stores E., LP*, No: 2:19-cv-806-SPC-NPM, 2021 WL 2106531, at *5 (M.D. Fla. May 25, 2021). For that reason, Defendant is entitled to summary judgment.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [ECF No. 28] is **GRANTED**. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, final judgment will be entered by separate order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 5th day of August, 2021.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE